UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN ALLEN DAVEY, et al.,

        Plaintiff,

   v.

PIERCE COUNTY COUNCIL, et al.,

        Defendant.

Case No. 3:21-cv-05068-JCC-MAT

REPORT AND RECOMMENDATION

Plaintiffs, Justin Allen Davey and Ezra Fleming-Ralston, proceeding *pro se*, filed a proposed civil rights complaint ("complaint") under a single cause of action.[1] Dkts. 1-1, 7-1. At the time the complaint was filed both plaintiffs were housed at Pierce County Jail. *Id.* Plaintiffs allege violations of their constitutional rights related to plumbing and sewer conditions in their unit (Mental Health Unit 3 North A) at Pierce County Jail causing sewage backups in the toilets in their cells and ongoing sanitation issues starting, it appears, in or around May 2020. *Id.* On March 4, 2021, the Court ordered plaintiffs to show cause why the second-named plaintiff, Mr. Fleming-Ralston, should not be dismissed without prejudice to the institution of a new, separate lawsuit pursuant to Federal Rule

---

[1] The Court notes that it granted plaintiff Davey's motion to proceed in forma pauperis (IFP) (Dkt. 1) by separate order. Plaintiff Fleming-Ralston also filed a motion to proceed IFP (Dkt. 7) but, for the reasons discussed below, the Court recommends that his motion be stricken.

.REPORT AND RECOMMENDATION - 1

of Civil Procedure 21, with the first-named plaintiff, Mr. Davey, proceeding as the sole plaintiff in this action. Dkt. 12, at 2. Plaintiffs responded to the Court's order indicating they did not oppose, and in fact appeared to agree, that severance was appropriate. Dkts. 16, 17, 18.

The Court finds that the second-named plaintiff, Mr. Fleming-Ralston, would not be disadvantaged by filing a separate lawsuit and, in fact, doing so would alleviate many of the procedural challenges inherent in multi-plaintiff cases. Accordingly, the Court recommends that, pursuant to Federal Rule of Civil Procedure 21, Mr. Fleming-Ralston be dismissed without prejudice to the institution of a new, separate lawsuit with the first-named plaintiff, Mr. Davey, proceeding as the sole plaintiff in the instant action. The Court further recommends that plaintiff Fleming-Ralston's motion to proceed IFP (Dkt. 7), non-parties Justin D. Mohler's and Roger Woodard's applications to proceed IFP (Dkts. 13, 14), and plaintiff Davey's motion to amend the complaint (Dkt. 8) and proposed amended complaint (Dkt. 15) be stricken, and that plaintiff Davey be directed to file an amended complaint addressing only his individual claims within thirty days of the order adopting the report and recommendation.

## I. BACKGROUND

Plaintiffs initiated this lawsuit on January 25, 2021. Dkt. 1. Plaintiffs allege violations of their constitutional rights related to plumbing and sewer conditions in their unit (Mental Health Unit 3 North A) at Pierce County Jail causing sewage backups in the toilets in their cells and ongoing sanitation issues starting, it appears, in or around May 2020. *Id.* They allege that unidentified staff have failed to provide adequate cleaning and personal protective equipment and have generally ignored their complaints about the unsanitary conditions. *Id.* Plaintiffs allege that being housed in these unsanitary conditions exacerbates their mental health issues, puts them at increased risk of

infectious illness, and interferes with their ability to eat. *Id.* Plaintiffs allege violations of their 14th Amendment Due Process rights. *Id.* They seek injunctive relief and money damages. *Id.*

On February 18, 2021, plaintiff Davey filed a motion to amend the complaint seeking to add two additional plaintiffs as well as additional defendants and causes of action. Dkt. 9. Plaintiff Davey's motion did not, at the time, include a proposed amended complaint. On March 4, 2021, the Court ordered plaintiffs to show cause why the second-named plaintiff, Mr. Fleming-Ralston, should not be dismissed without prejudice to the institution of a new, separate lawsuit pursuant to Federal Rule of Civil Procedure 21, with the first-named plaintiff, Mr. Davey, proceeding as the sole plaintiff in this action. Dkt. 12, at 2. On March 8, 2021, non-parties Justin D. Mohler and Roger Woodard filed proposed motions to proceed IFP (Dkts. 13, 14). On March 9, 2021, plaintiffs (Davey and Fleming-Ralston) filed a proposed amended complaint seeking to add Mr. Mohler and Mr. Woodard as plaintiffs. Dkt. 15. On March 15, plaintiffs (Davey and Fleming-Ralston) as well as non-party Roger Woodard filed responses to the Court's Order to Show Cause. Dkts. 16, 17, 18. Plaintiffs indicate that they do not oppose, and in fact appear to agree, that, for the reasons discussed in the Court's Order to Show Cause, severance is appropriate.[2] Dkts. 17, 18.

## II.   DISCUSSION

Plaintiffs' complaint sought to proceed as a multi-plaintiff case. Dkt. 1-1, 7-1. Under Federal Rule of Civil Procedure 20, multiple plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20 (permissive rule). However, pursuant to Rule 21 of the Federal Rules of Civil Procedure a court may, on its own, correct a misjoinder of parties or claims by adding or dropping a party or severing any claim. Fed.

---

[2] Although a non-party, the Court notes that Roger Woodard also indicated the same in the response he filed to the Order to Show Cause.

.REPORT AND RECOMMENDATION - 3

1  R. Civ. P. 21; *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir. 1980) (even
2  if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant
3  factors to determine if joinder of a party will comport with principles of fundamental fairness).
4  The Court can generally dismiss all but the first named plaintiff without prejudice to the institution
5  of new, separate lawsuits by the dropped plaintiffs. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th
6  Cir. 1997), *Taddeo v. American Invsco Corp.*, 2012 WL 1947897, at *1 (D. Nev. 2012). A court
7  may not drop a party or sever a claim, however, if a substantial right of the parties would be
8  prejudiced by the severance. *Coughlin*, 130 F.3d. at 1351.

9        In its March 4, 2021, order, the Court described the numerous practical difficulties in
10 pursuing multi-plaintiff prisoner litigation and how they appeared to weigh in favor of
11 recommending that plaintiffs proceed in separately filed cases. Dkt. 12. Specifically, the Court
12 noted that because all plaintiffs must sign the complaint and future pleadings, plaintiffs faced a
13 significant logistical burden which would likely delay resolution of the case. *Id.*, at 3 (citing Fed.
14 R. Civ. P. 11). The Court noted that plaintiffs' fact specific claims would likely require distinct
15 and separate evidence, evaluations, and analyses. *Id.*, at 4. The Court also noted that plaintiffs
16 would be required to bear the costs of serving each co-plaintiff in this matter, *Id.* (citing *Claxton
17 v. Ryan*, 2011 WL 2533554 at *2 (D. Ariz. June 27, 2011); *McKaney v. Keeton*, 2012 WL 681685
18 at *1 (D. Ariz. Feb. 28, 2012)) and that transfer or release from Pierce County Jail would likely
19 moot all personal claims for injunctive relief and may lead to procedural default of pleadings, *Id.*
20 (citing *Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519
21 (9th Cir. 1991); *Claxton*, 2011 WL 2533554 at *2; *McKaney*, 2012 WL 681685 at *1. The Court
22 also noted that if plaintiffs proceeded in separate cases, they could still coordinate their legal efforts
23 and that the Court could order consolidation of the cases at a later stage in the proceedings. Dkt.

.REPORT AND RECOMMENDATION - 4

12. The Court provided plaintiffs an opportunity to respond to the order and demonstrate why the second-named plaintiff, Mr. Fleming-Ralston, should not be dismissed without prejudice to the institution of a new, separate lawsuit pursuant to Federal Rule of Civil Procedure 21, with the first-named plaintiff, Mr. Davey, proceeding as the sole plaintiff in this action. Dkt. 12, at 2.

In responding to the Court's order, the plaintiffs do not argue that a substantial right of the parties would be prejudiced by severance. In fact, plaintiffs agree that severance is appropriate in this case for several of the reasons outlined in the Court's March 4, 2021 order. The plaintiffs note that Mr. Davey was scheduled to be transferred to another facility, and that one of the non-parties plaintiffs initially asked to be added as a plaintiff (Justin Mohler) had recently been released. Dkts. 17, 18. Plaintiffs acknowledge that being in different locations would make it very difficult to pursue an action jointly. *Id.* Under the same legal principles discussed in the Court's March 4, 2021 order, *see* Dkt. 12, the Court finds that a multi-plaintiff case would result in unfairness to plaintiffs and defendants as well as hinder the Court's interests in judicial economy and efficient case management. Accordingly, pursuant to Federal Rule of Civil Procedure 21, the Court recommends dismissing the second-named plaintiff, Mr. Fleming-Ralston, without prejudice to the institution of a new, separate lawsuit, and that Mr. Davey, proceed as the sole plaintiff in this action. Dkt. 12, at 2.

In light of the Court's recommendation on severance, the Court also recommends striking plaintiff Fleming-Ralston's motion to proceed IFP (Dkt. 7), non-parties Justin D. Mohler's and Roger Woodard's applications to proceed IFP (Dkts. 13, 14), and plaintiff's motion to amend the complaint (DKt. 8) and proposed amended complaint (Dkt. 15). Plaintiffs' proposed amended complaint includes claims by plaintiff Fleming-Ralston, whom the Court is recommending be dismissed from the action without prejudice. Dkt. 15. The proposed amended complaint also

includes proposed claims by non-parties Mohler and Woodard, but plaintiff Davey appears to concede in responding to the Court's Order to Show Cause, that such claims should also be brought in separate actions.[3] Dkt. 18. The Court further recommends that plaintiff Davey be directed to file an amended complaint within thirty days of the date of the order adopting this report and recommendation, addressing only his individual claims.

### III.   CONCLUSION

The Court recommends that an order be entered pursuant to Rule 21 of the Federal Rules of Civil Procedure:

1. DISMISSING the second-named plaintiff, Mr. Fleming-Ralston, without prejudice to the institution of a new, separate lawsuit, with Mr. Davey, proceeding as the sole plaintiff in this action;

2. STRIKING plaintiff Fleming-Ralston's motion to proceed IFP (Dkt. 7), non-parties Justin D Mohler's and Roger Woodard's applications to proceed IFP (Dkts. 13, 14), and plaintiff's motion to amend the complaint (Dkt. 8) and proposed amended complaint (Dkt. 15);

3. ORDERING plaintiff Davey to file an amended complaint addressing only his individual claims within thirty days of the date of the order, and;

4. ORDERING the dismissed plaintiff, if he chooses to re-file his claims, to proceed in a separate case, file new complaints which address only his individual claims, and pay a new filing fee or file an application to proceed *in forma pauperis*.

A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions

---

[3] Although a non-party, the Court notes that Mr. Woodard filed a response to the Court's Order to Show Cause indicating that he agreed that plaintiff Davey should proceed as the sole plaintiff in the action. Dkt. 16.

calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 23, 2021**.

Dated this 1st day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge

.REPORT AND RECOMMENDATION - 7