Rev. 3/19

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

Justin Davey #311532
*Plaintiff's full name and prisoner number*

Plaintiff,

v.

Pierce County Council et al

Ed Troyer

Patti Jackson

*Defendant's/defendants' full name(s)*

See Attached _____ Defendant(s).

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names. The names listed here must be identical to those in Section II. Do not include addresses here. **Individuals whose names are not included in this section will not be considered defendants in this action.**)

Case No. 3:21-CV-05068-JCC-MAT
(leave blank – for court staff only)

Amended Complaint

### PRISONER CIVIL RIGHTS
### COMPLAINT

Jury Demand?
☒ Yes
☐ No

## WARNINGS

1.      Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence. If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus. If you use this form to challenge your conviction or sentence, you risk having your claim dismissed. Separate forms are available for filing a habeas petition.

2.      Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit. This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review. Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA. You are not required to plead or show that you have exhausted your claim in this complaint.

3.      Please review your complaint carefully before filing.  If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee.  Under the PLRA, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4.      Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, may not contain certain information, which must be modified as follows:

| Do not include: | Instead, use: |
|---|---|
| • a full social security number | → the last four digits |
| • a full birth date | → the birth year |
| • the full name of a minor | → the minor's initials |
| • a complete financial account number | → the last four digits |

5.      You may, but do not need to, send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.  Any documents you submit *must relate directly to the claims you raise in this lawsuit.*  They will become part of the court record and *will not be returned to you.*

---

## I.      PLAINTIFF INFORMATION

Davey, Justin, Allen
Name (Last, First, MI)                                    Aliases/Former Names

311532
Prisoner ID #

Washington Correction Center
Place of Detention

P.O. Box 900
Institutional Address

Mason, Shelton   Washington        98584
County, City              State              Zip Code

*Indicate your status:*

☐  Pretrial detainee                    ☒  Convicted and sentenced state prisoner
☐  Civilly committed detainee     ☐  Convicted and sentenced federal prisoner
☐  Immigration detainee

At time of Complaint I
was a Pre-Trial Detainee
at Pierce County Jail

FOR LEGAL USE ONLY

## Plaintiff

1. Plaintiff, Justin Davey is a Citizen of the United States, and a resident of the County of Pierce, State of Washington. Plaintiff Davey is an individual with a Mental illness and Suffers from a number of Psychological Disorders.

2. Plaintiff, Justin Davey, according to the Report and Recommendation of the Honorable Mary Alice Theiler, files this Amended Complaint.

Signed By: Davey Justin

3. Further, as a Pro-Se litigant, Plaintiff's Pleading should be Construed liberally. Mangiaracina V. Penzone, 849 F.3d 1191, 1195 (9th Cir 2017). "Presumably inskilled in the Law, the Pro-se litigant is far more Prone to Making errors in Pleading than the Person who benefits from the representation of counsel," Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). A Pro-Se Plaintiff's Pleading is ultimately held, "to be less stringent Standard than formal Pleadings drafted by Lawyers." Haines V. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

## Jurisdiction & Venue

4. This is a Civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under Color of State Law, of rights Secured by the Constitution of the United States. The Court has Jurisdiction under U.S.C. Section 1331 and 1343(a) (3), Plaintiff Seeks declaratory relief Pursuant to 28 U.S.C. Section 2201 and 2202.

FOR LEGAL USE ONLY Plaintiff / Defendants          P. 1

## Defendants

5. Defendant Pierce County is a body Politic and Corporate, duly organized and existing under the Laws of the State of Washington, and Pursuant to Law is Capable of being Sued in this Court. Defendant Pierce County is responsible for the Policies, Practices and Customs of its Sheriff's Dept. as well as the hiring, training, Supervision, Control and discipline of its Deputy Sheriff's and Correction Officers; Pierce County is and was the employer of the Police Personnel named herein as individual defendants. Defendant Pierce County is also responsible for the operation, Practices, and totality of Conditions of its Jail Facility.

Pierce County acts or fails to act through its Policy-Making Officials, including but not limited to its County Council Members, the Chairman of the County Council and Judicial and Law Enforcement Committees, the Sheriff of Pierce County, and the Chief of the Internal Operations of the Sheriff Dept. Corrections Bureau; the acts and edicts of these Policy-Making Officials represent also the Policies, Practices, and Customs of Pierce County.

A "Defendant"
Pierce County
Pierce County Council
930 Tacoma Ave. S. 10th Floor Room 1046
Pierce, Tacoma, Washington, 98402

6. Defendant Ed Troyer is and was the Sheriff of Pierce.

FOR LEGAL USE ONLY

County, and in that Capacity, is and was responsible for establishing or failing to establish the Policies, Practices, and regulations for the Conduct of the Pierce County Sheriff Department and its employees.

Defendant Ed Troyer is and was responsible for the hiring, training, Supervision, discipline, and Control of all Members of the Pierce County Sheriff's department.

Defendant County Sheriff is and was the Commanding Officer of the other Police Personnel named herein as individual defendants.

Defendant County Sheriff is and was Constitutionally and Statutorily responsible also for the operation, Practices, and totality of Conditions of the Pierce County Jail Facility.

Defendant County Sheriff at all times herein, was acting in such a Capacity as the agent, Servant and employee of Pierce County.

Ed Troyer is Sued individually and in his official Capacity.

Defendant County Sheriff has a Constitutional and Statutory responsibility for the Conditions and Practices of the Pierce County Jail Facility, and defendant County Sheriff is responsible for maintaining the Jail Facility in Conformity with Constitutional requisites. Defendant County Sheriff is also the Custodian of the Jail Facility, responsible for the neglect and omission of the duties of all deputy Sheriff's and Correction officers, and Charged with furnishing necessary Sanitation, bedding, Clothing, Medical Aid, and Mental Health Social Workers for all Persons detained in the Jail Facility.

FOR LEGAL USE ONLY

In addition, Defendant County Sheriff is and was responsible for ensuring that the deputy Sheriff and Correction Officers of the Pierce County Sheriff Dept. Obeyed regulations of the Pierce County Sheriff's department, the ordinance and Law of Pierce County, and the Laws and Constitution of the State of Washington and the United States.

Defendant County Sheriff is and was responsible also for the establishment, Policies, Procedures, and guidelines for the arrest, Jailing, and Safe Keeping of Pre-Trial detainees.

2nd "Defendant"

Ed Troyer

County Sheriff

Pierce County Sheriff Dept.

910 Tacoma Ave. S

Pierce, Tacoma, Washington, 98402

7. Defendant, Patti Jackson is and was the Chief of the Internal operation of the Sheriff Dept. Correction Bureau, and in that Capacity is and was Constitutionally and Statutorily responsible also for the training, Supervision, discipline, and Control of all deputy Correction officers, as well as the Operation, Practices, and totality of Conditions of the Pierce County Jail Facility.

Defendant Chief has Statutory responsibility also for ensuring that the Pierce County Jail Facility Conforms to the requirements of State Law, and the Laws and Constitution of the United States.

In addition, defendant Chief is and was responsible for the

FOR LEGAL USE ONLY  Plaintiff/Defendants P. 4

FOR LEGAL USE ONLY

establishment of Policies, Procedures, and guidelines for the arrest, Jailing, and Safe Keeping of Pre-Trial detainees housed in the Pierce County Jail Facility.

Defendant Chief, at all times was acting in such Capacity as the agent, Servant and Employee of Pierce County.

Patti Jackson is Sued individually and in her official Capacity.

3. "Defendant"

Patti Jackson

Chief Operations of the Correction Bureau

Pierce County Sheriff Dept.

910 Tacoma Ave. S.

Pierce, Tacoma, Washington, 98402

8. Defendant B. Sutherlin is and was a Captain Deputy Correction Officer of the Pierce County Sheriff Dept., and at all times herein was acting in such Capacity as the agent, Servant, and employee of Pierce County.

He is Sued individually and in his official Capacity.

4. "Defendant"

B. Sutherlin

Captain Deputy Correction Officer

Pierce County Sheriff Dept.

910 Tacoma Ave. S.

Pierce, Tacoma, Washington, 98402

9. Defendant Dobson is and was a Lieutenant Deputy Correction officer of the Pierce County Sheriff Dept., and at all times herein was acting in such Capacity as the agent, Servant,

FOR LEGAL USE ONLY

and employee of Pierce County.
He is sued individually and in his official Capacity.
5th "Defendant"
Dobson
Lieutenant Deputy Correction Officer
Pierce County Sheriff Dept.
910 Tacoma Ave. S.
Pierce, Tacoma, Washington, 98462

10. Defendant Mastandrea is and was a Sgt. Deputy
Correction Officer of the Pierce County Sheriff Dept., and at
all times herein was acting in such Capacity as the agent,
Servant, and employee of Pierce County.
He is sued individually and in his official Capacity.
6th "Defendant"
Mastandrea
Sgt. Deputy Correction Officer
Pierce County Sheriff Dept.
910 Tacoma Ave. S
Pierce, Tacoma, Washington, 98462

11. Defendant D. Herbison is and was a Sgt. Deputy Correction
Officer of the Pierce County Sheriff Dept., and at all times
herein was acting in such Capacity as the agent, Servant,
and employee of Pierce County.
He is sued individually and in his official Capacity.
7th "Defendant"
D. Herbison

Sgt. Deputy Correction Officer
Pierce County Sheriff Dept.
910 Tacoma Ave S.
Pierce, Tacoma, Washington, 98402

12. Defendant T. Pearson is and was a Deputy Correction
officer of the Pierce County Sheriff Dept., and at all times
herein was acting in such capacity as the agent, servant,
and employee of Pierce County.
He is sued individually and in his official capacity.
8th "Defendant"
T. Pearson
Deputy Correction officer
Pierce County Sheriff Dept.
910 Tacoma Ave S.
Pierce, Tacoma, Washington, 98402

## II.   DEFENDANT INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint. Attach additional sheets of paper as necessary.*

Defendant 1:   Pierce County
Name (Last, First)

Pierce County Council
Current Job Title

930 Tacoma Ave S, 10th Floor Room 1046
Current Work Address

Pierce, Tacoma, Washington   98402
County, City            State        Zip Code

Defendant 2:   Troyer, Ed
Name (Last, First)

County Sheriff
Current Job Title

910 Tacoma Ave. S.
Current Work Address

Pierce, Tacoma  Washington   98402
County, City            State        Zip Code

Defendant 3:   Jackson Patti
Name (Last, First)

Chief Operations of the Corrections Bureau
Current Job Title

910 Tacoma Ave. S.
Current Work Address

Pierce, Tacoma, Washington   98402
County, City            State        Zip Code

### III.   STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count. For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs. For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc. The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you <u>must</u> specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s). <u>If you do not specify the portion of the supporting document(s), the Court may disregard your document(s).</u>*

<u>**COUNT I**</u>

*Identify the first right you believe was violated and by whom:*

Please See Statement of Facts and Attached Papers/Sheets...

*State the <u>facts</u> of your first claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

1.1 Defendant's have Caused Plaintiff to be Subjected to a deprivation of the Plaintiffs:

1. Fourteenth Amendment Right to Freedom From Pre-Trial Conditions Constituting Punishment and or Causing Suffering.

Page 4 of 9

2. Fourteenth Amendment Right to Freedom From Pre-Trial Conviction Punishment without Due Process of Law.

3. Fourteenth Amendment liberty interest and Right in bodily Safety in the Circumstance Peculiar to My incarceration.

4. Fourteenth Amendment liberty interest to Freedom From a deprivation of life without Due Process of Law.

5. Fourteenth Amendment liberty interest in an expectation of Minimal Standards for the Physical Conditions of the Jail Facility (Subjecting Plaintiff Davey to unsanitary, inhumane, and toxic Conditions for a Prolonged Period of time, "220 Days," resulting from a Plumbing defect in the Jail Facility), and for treatment with respect to Safety, health, Wellbeing, and Security.

1.2 Plaintiff Davey would like to add that about 37 of the days Davey Spent in 3 North A was as an ~~incapitated~~ incapacitated individual and according to the Supreme Court, "Persons who have been involuntary committed are entitled to more.

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count I.  Continue to number your paragraphs.*

Please See Paragraph 1.9B

FOR LEGAL USE ONLY

Considerate treatment and Conditions of Confinement than Criminals whose Conditions of Confinement are designed to Punish. Youngberg v. Romeo, 457 U.S. 307, 73 L. Ed. 2d 28, 102 S. Ct. 2452.

1.3 Plaintiff Davey Suffers from a number of Psychological disorders and was Moved on May 12th 2020 to 3 North A Mental Health housing.

1.4 Upon arriving into Cell "20", Davey noticed that the Cell was in a Very "Toxic" Condition; There was dried human waste in and on the toilet Seat, Vomit, Spit, dried mucas and food all over the Floor. The Stench of sitting urine and Feces was extremely nauseating.

1.5 Davey was given Cleaning Supplies (Spray), but was denied Proper P.P.E. (gloves, rags) and was also denied a Change of Clothes when attempting to Clean the "toilet" (with toilet Paper) "badily waste" Splashed onto Davey's Clothes. Having to use toilet Paper to wipe the Human waste from my toilet seat caused me to get feces on my hands.

1.6 After falling asleep the night of May 12th 2020, Davey awoke to breakfast around 4:30 Am on May 13th 2020.

1.7 The Cell Smelled of urine and feces and Davey noticed that the toilet was once again full of wet and dried human waste. Davey immediately felt sick and couldn't eat.

1.8 I was denied Cleaning Supplies.

1.9 Later that day, May 13th 2020, Davey noticed that urine and feces, "Sewage" was back-filling into the Cell "Davey's" toilet from the Cell next to his and Possibly from the Floor above.

1.10 The Situation that Plaintiff Davey and other residents

FOR LEGAL USE ONLY Facts / Extra Sheet P.1

FOR LEGAL USE ONLY

who have wrote Statement/Declarations, is a Continual Problem through-out 3 North A unit.

1.11 Everytime the adjoining cell flushes the toilet, Raw Sewage will back up in our toilets and, at times, Splash the toilet Seat and floor and/or overflow.

1.12 Jail officials deny us cleaning Supplies, PPE and Proper tools to clean up during those times and we are left in Very toxic and inhumane conditions.

1.13 When we use the restroom "cell toilet", our genitals and Penis are more than just exposed to dirty Sewage water, they are Contaminated by touching and/or having to sit in that foul water.

1.14 Davey requested to be moved to a different cell do to increased Psychological Problems that were occuring. Having to cope with Hallucinations, Anxiety, and Delusions with the fear of Contracting a disease from our Sewer Condition's was extremely difficult.

1.15 Davey was Moved to cell "25" on May 18th 2020, where I was thrown into another toxic cell. The cell's toilet was Completely Saturated in feces and urine and the Stench of sitting urine and feces was repulsive.

1.16 Having to constantly look at and deal with Raw Sewage and foul water without gloves and disinfectant is offensive and inhumane or

1.17 When officers Purposely Play games with me and give me Cleaning Spray and leave me without any utensils to clean the dry human waste off our toilet, that also is offensive and their actions dehumanizing.

FOR LEGAL USE ONLY Fact/Extra Sheet P.2

1.18 Davey has been in several different cell's in 3 north A and experienced constant sewage back-up in every cell. Cell 20, 25, 3, 17, 11, 18, 6 and once again 17 and last 27 cell.

1.19 During a time called "Formal Inspection," us residents of 3 north A would try to communicate the conditions with different ranking officers (captain, Lieutenant, Sgt) and we would always get similar Responses such as, "Its an old Building", "Pierce County wont Pay for it", "You just have to deal with it", "Its a 30 year Mistake", "Pierce County wont Fix it".

1.20 The officers who would tell us that it was unfixable were Captain B. Sutherlin, Lieutenant Dobson, and Correction Officer T. Pearson.

1.21 We as a group were discouraged in filing grievances when officers denied us grievances by stating that the issue was ungrievable.

1.22 According to the Grievance Procedure, their was no Proper Supervisor to Kite, suggesting that our situation was not grievable.

1.23 I filed a grievance on 6-16-20 about the way an officer treated me when I was trying to get utensils to get the Human waste that was dried around My toilet. (They failed to address that issue for several Months)

1.24 Those that suffer from High Anxiety and Panick attacks as Plaintiff Davey, need space to walk or Pace. When Sewage Water Splashes onto our floor's and we are denied Cleaning Supplies, we are left to walk and Pace in those conditions, leaving us to walk on unsanitary floor's with our Sock's and

FOR LEGAL USE ONLY

Slippers and Passing that Sewage from our Sock's to our beds.

1.25 Our unit is a breeding Grounds for disease.

1.26 Because of the Plumbing defect, there were times that a violent individual or trouble Maker would be Moved next to my cell and try to threaten Myself or Cell-Mate, telling us that if our Bodily waste continued to back-Fill into his toilet he would come into our cell and fight us.

1.27 When we told Cluster officers, they would tell us that they werent Plumbers, they had no way to Solve the Problem. Cluster officers also informed us many times that they no longer hand out Grievances.

1.28 Not only are we "Libs I", constantly Subject to living in unsanitary, inhumane, and offensive conditions for 220 days, but everyday For those 220 days our cell's and unit were constantly subject to foul odor of what we believe is hydrogen Sulphide, Mold and dead rats/mice out of our Sewer which is very dangerous to the Oxygen System in the body.

1.29 I constantly had headaches and/or couldn't eat or even at times have Vomited from the odor that continuously lingers from the Plumbing and Sewage System.

1.30 Every "Formal Inspection", I Pleaded with Captain B. Sutherlin, Lieutenant Dobson, officer T. Pearson to get Maintenance to Come Fix our Plumbing because it was Constantly Making us Sick, that our unit was at a Substancial risk for the transmission of an infectious illness, a breeding grounds for disease and that these conditions were exacerbating My/our Mental illness.

1.31 These officers would tell me or other residents to

FOR LEGAL USE ONLY

"Stop talking, we were already informed that the Condition would not be fixed by Pierce County," and I Plaintiff Davey was to told that if I Contioued to be stuck on the issue, I would be infracted."

1.32 An inmate doesn't need a higher education, let alone Certification in the finer sciences of Sanitation, to Know that urine and feces, Moldy water, and/or other bodily fluids ever-present in our toilets, our Cells, expose us to harmful diseases, and hazardous gases that Contribute to a degradation of our Physical and Mental Health, especially when not Properly Cleaned and Sanitized Promptly each time or fixed.

1.33 During "Formal Inspection", the Practice that usually takes Place is that when there is a Condition in the unit that has a Problem, especially in our cells, the "unit workers" or those residents that occupy a cell that has a Problem, especially our "Sewage Problem", Can verbally Communicate "face-to-face" with higher ranking officers about those Problems.

1.34 US Inmates Must rely on Jail Authorities to treat our inhumane, unsanitary Conditions; if authorities fail to do so, those needs will not be Met.

1.35 "A Prison official Violates the Eighth Amendment when he acts with deliberate indifference to a Known Objectively Serious risk to a Prisoner's Health or Safety." CockCroft, 548 F. Supp 2d at 774 (Citing Farmer, 511 at 834).

1.36 It is very obvious that the conditions of 3 North A are wide spread and Known by every officer Known to work in that unit. Not only is the Condition Known by officers but by Medical Staff and Mental Health Social workers who

FOR LEGAL USE ONLY

also tell us that, "it's an old *building*".

1.37 Davey would like to add that it's been the Practice of Pierce County/the Jail for years to have the "unit workers" dump water down the Pipe drains and because this Practice has continued instead of being "Fixed", the Sewage drains have grown Worse to the Point now there is an infestation of Insects that Possibly Carry disease's coming from the Sewage.

1.38 Why Pierce County has inmates try to Correct an apparent Plumbing issue is a question that needs to be asked.

1.39 On 12-14-2020 on Electronic Kite Request #554196 I said; Can I get a grievance... It is about the unsafe environment that are Sewer are Causing us..

1.40 The Cluster officers came in and we explained the Situation; Constant Sewage back-up, No Cleaning Supplies, the Constant Odor from the Sewage.

1.41 The officers made the "unit worker" dump water down the drain.

1.42 on 12-15-20, I Davey received a response on Kite Request #554196 from Sgt. D. Herbison - The assigned deputies are researching the issue. The deputies report nothing unusual.

1.43 The language that Sgt. D. Herbison uses is that the Practice and Custom of our toilets back-Flushing, the Practice and Customs of being denied Cleaning Supplies after being exposed to Sewage, and the Practice and Custom of our Cell's and unit being exposed to the foul odor of Sewage Constantly is," Nothing Unusual,"

1.44 Sgt. D. Herbison denied me a Grievance, apparently the Situation to him was also not grievable but due to his

FOR LEGAL USE ONLY

research, they were full aware of the situation and claimed the situation was nothing unusual.

1.45 3 other Residents were denied grievance's, but I only have two Electronic Kite Request #554243 from Ezra Fleming-Ralston and #554216 from Jonas Conley...

1.46 I, Davey, went beyond that denial and requested again for a grievance on 12-15-20.

1.47 According to the Grievance Procedure, Step #2, "You do not need to Contact the duty Sergeant."

1.48 I, on the other hand, was tired of being told that I couldn't get a grievance, or that Pierce County wouldn't fix the Problem or that the situation was "nothing unusual," so I Contacted the duty Sergeant...

1.49 on 12-16-20 Sgt. Ake issued Grievance Request #554280.

1.50 This Grievance was filed on behalf of Month's and Month's of Silence from our County Jails officers, Sgt's, Lieutenants, and Captains about our facilities Sewage and toilets.

1.51 on 12-18-20, Maintenance Man "Jason", came to My Cell 6/7 and Put a "Snake" (Plumber Tool) down My cell toilet. "Jason", tells Me that all seems good, toilets not clogged.

1.52 When I, Davey, explained to Maintenance about our units Condition, that, every time the adjoining cell flushes the toilet (10-15 times daily) Raw Sewage will back-up in our toilets and, at times, Splash the toilet Seat and floor and/or overflow.

1.53 I, Davey, described to Maintenance around 10 times where I was sitting on the toilet "using the toilet", and the adjoining Cell flushed their toilet, "Raw Sewage", filled

all the way up to My Buttocks/Privates. There was one occasion that I was "using the toilet", and the adjoining Cell flushed and the times of the Cell's toilet continued to flush, which made my toilet, as I was sitting on it, overflow.

1.54 Nearly 50 times My Cell's toilet would overflow with Raw Sewage because of a Malfunction in the "timing".

1.55 Maintenance Man "Jason", referred to our condition as a "Shitty Situation", and in order to Fix the Problem they would need to reconstruct all the Plumbing, Something "Pierce County" will not Pay for. Then ended with a Laugh and "All Shit roles down hill".

1.56 Later that day, 12-18-20, I received a response back from Sgt. Mastandrea on My grievance. A response that was far from the Truth. First, I would like the Courts to Know that I was never Satisfied with any response I was given. Second, the Grievance Resolution has no box checked and Third, my Signature, approving Sgt. Mastandrea's response, is nowhere to be found, meaning his response is not Supported by Me without My Signature.

1.57 At the Same Moment I received the Response back, I appealed the Grievance. This was 12-18-20

1.58 I understand in this Complaint I do not have to prove exhaustion, So I will explain Some of the events that happened after I Filed the First initial Complaint on 1-25-21. (1983 Complaint)

1.59 Initially Pierce County officials (officers, Medical, Social workers) understood and Knew of our deprivation even before we Started to Complain about it in May of 2020,

FOR LEGAL USE ONLY

they denied us grievances, stated that Pierce County won't "Fix" it, its an *old building*, and even tried to silence me by stating I would be "infracted" if I continued to press the issue.

1.60 When I finally was able to grieve the issue, 12-16-20, I was detailed to a certain extent that More than Maintenance Should have been Contacted. My Grievance Should have caught the eye of Mental Health, Medical, County Sheriff, the Chiefs, and Most importantly "Pierce County"

1.61 My Grievance was responded with a lie and My appeal lost.

1.62 To no Surprise at all, upon information and belief, Jail officials Caught on to My "1983 Complaint" Feb 6th, 2021 when Ezra Fleming-Ralston tried to Make Copies.

1.63 Because the Complaint initially had, "Davey et al v. Pierce County Council", on the form, Jail officials read through the Complaint and determined that he also was on the Complaint.

1.64 When Jail officials Caught on to My "1983 Complaint", it initiated a response that finally circulated from Sgt. to Maintenance, Captain, even Chief Patti Jackson in emails about our Plumbing issue.

1.65 On Febuary 7th, 2021, Sgt. Mastandrea & Sgt. Ake came to our Unit and witnessed empty Cell's that had feces all over the toilet. They also could smell the odor that was coming from the Sewage.

1.66 On Feb. 8th 2021 Sgt. Mastandrea inspected two other empty Cell's. There was urine and feces in the toilets.

FOR LEGAL USE ONLY

1.67 On Feb 8th 2021, I asked Sgt. Mastandrea if he emailed Maintenance and any others. He stated to me, that he left a Message with Maintenance and that he would Contact Captain Genga.

1.68 On "Formal Inspection", 2-10-21, I was approached by Sgt. D. Herbison, Sgt. Mastandrea and Captain Genga.

1.69 I Showed Captain Genga, Sgt D. Herbison and Sgt. Mastandrea Cell 14/15, where a resident was Sleeping. That residents head was approximately 3 feet from the toilet. There was Feces and urine dried all around the toilet and it was apparent that "that" resident was denied Cleaning Supplies.

1.70 On 2-11-21 Sgt. Smith brought an email to 3 North A Cluster Officers, that email had Chief Patti Jackson's name on it. The email discussed what officers were to do. "Make sure officers Flushed the toilets of Empty Cell's.

1.71 I witnessed a Cluster Officer Rip that email up and State that he "was not a Plumber".

1.72 Between 2-11-21 and 3-16-21, not one officer adhered to Chief Jackson's Email.

1.73 On 2-12-21, Sgt. Ake brought in Sani-Sticks to eliminate the odor of Raw Sewage.

1.74 On 2-13-21, Sgt. Ake came to Check if the Sani-Sticks worked... They did not!

1.75 On 2-20-21, C-o Mrs. Herbison worked in unit 3 North A and her first words when she entered our unit was "Wow, it smells really bad." She and the other officer took a bucket

FOR LEGAL USE ONLY

and Put water down the Sewage drain. That Practice does not work.

1.76 Later, on 2-20-21, C-O Mrs. Herbison said that she emailed Maintenance (around 2 Pm) because the odor of Raw Sewage was so Bad.

1.77 On 2-22-21, during breakfast around 4:30 Am, I over-heard C-O Kline telling C-O Peck that some of the cell's toilets were disgusting.

1.78 On March 4th 2021, I sent a Message to Karen Bier (Manager of Mental Health) about our situation and if she could get Chief Jackson to come talk to us.

1.79 The Response from Karen Beir said that she spoke to Sgt. Miller about our situation and that he would take care of it.

1.80 Ironically, on March 11th, 2021, Roger Woodard requested a Grievance, Sgt. Miller came into our unit and asked what the Problem was.

1.81 Roger Woodard and I, Davey, Showed Sgt. Miller 3 cell's, each cell had "bodily waste" full to the Rim, Splashed on the Rim.

1.82 When Sgt. Miller began to leave, Roger Woodard, asked Sgt. Miller about the grievance he requested.

1.83 Sgt. Miller stated; "Because this is the first time I am hearing about this, I am going to Contact Maintenance before we move any further".

1.84 First time hearing about this??? Either Karen Bier lied to me or there is more than Just lie's going on with our County officials, its Called; "out of Site, out of Mind"

FOR LEGAL USE ONLY Facts/Extra Sheets        P.11

1.85 In a Statement Made by Judy Snow, Former Manager of Pierce County Jail Mental Health Services, She Says;
"Myself and My team are Committed to this Population because they Cannot be heard very loudly through the Cinder block Jails they are housed in.
It is really True that I have Seen over the years an attitude of, "Out of Sight, Out of Mind." (Judy Snow)
1.86 In 2012, Pierce County Officials were Put on notice in a Case; Meyer-Clemmons v. Karr, 2012 U.S. Dist. Lexis 28798; Though the Court recommended that the Claim relating to Prison Sanitation be dismissed without Prejudice So that Plaintiff Could exhaust his Claim, the Plaintiff Complained that another inmate's waste is, "bubbling up in My toilet."
1.87 What does it take to Put officials on notice? A Simple verbal Communication does not work; in Meyer-Clemmons Case; a Kite nor a lawsuit worked, My Complaints and grievance's did not work.
1.88 As Stated in Paragraph 1.34; "US inmates Must rely on, Jail Authorities to treat our inhumane, unsanitary Conditions; if Authorities fail to do So, those needs will not be met.
1.89 Moak v. Sacramento Cty., No. 215CV0640MCEKJNP, 2016 U.S. Dist Lexis 12453; "The odor, unsanitary Conditions, and risk Posed by Raw Sewage is obvious to a lay Person and is why Cities Provide Plumbing and Waste Treatment Plants.
1.90 Your Honor, Surely with respect to yourself and to County officials; if you were to wake up in your Home and notice that your neighbors "bodily waste" was Constantly back-filling into your Home toilets, and it wreaked of Raw

FOR LEGAL USE ONLY

Sewage, Surely you wouldn't allow the County, or your Plumbers to tell you that because your House was built 30 years ago they Made a Mistake and wont FIX it.

1.91 Surely Pierce County Officials live by double Standards.

1.92 Davey also would like to add that Pierce County Jail has no Set "Policy" for Cleaning Supplies.

1.93 Because of the lack of Policies, Rules, or Procedures, officers do not have to adhere to any request Made from inmates for Cleaning Supplies and because of that inmates go without Cleaning Supplies/utensils when needed.

1.94 Defendant's B.Sutherlin, Lieutenant Dobson, Sgt. D. Herbison, Sgt. Mastandrea, and C-O T. Pearson were deliberately indifferent to Plaintiff Davey's Right to Sanitary living conditions in Violation of Eighth Amendment Standard's secured by the Fourteenth Amendment for Pre-Trial detainees.

1.95 These Defendant's had the ability to act toward and Manage our condition, but they failed.

1.96 Pierce County, Ed Troyer, and Patti Jackson also Violated Plaintiffs Fourteenth Amendment Rights because they failed to Cure, abate, remedy, or break-up the Custom or Practice of unsanitary conditions that exist at the Pierce County Jail.

1.96 When officers use language such as, "Pierce County wont fix it", "it's an old building", "the County wont fund the Money", "you Just have to deal with it", "its a 30 year Mistake", it Suggest that defendant's Pierce County, Patti Jackson, and Ed Troyer, knew of the Sewage Problem and failed to fix the Practice and Custom of our toilet's back-Flushing

FOR LEGAL USE ONLY

and denying individuals Cleaning Supplies by not Providing a "Policy" for officers to Obey or adhere to.

1.97 Though Defendants Pierce County, Ed Troyer, and Patti Jackson did not Personally Participate in the alleged Constitutional Violations, they knew of the Violations and failed to act to Correct the Violations and stop them from Continuing.

1.98 Since Defendant's failed to Cure, abate, remedy, or break-up the Custom or Practice, Plaintiff has been left to Suffer from head-aches, Vomiting, Stomach aches, Possible genitle infection, Possible damage to my Oxygen System in my Body, Exacerbated Psychological Problems, gone without eating, Diarrhea.

Davey was in 3 North A from May 12th – June 18th 2020 and September 16th – March 16th 2021.
From May 12th – June 18th 2020, Davey was Civilly Committed but remained at Pierce County Jail awaiting Transfer to Hospital. For 220 days, Davey Spent in 3 North A under unsanitary conditions, 216 days as a Pre-Trial detainee, 4 days as a convicted Prisoner.

Your Honor,
Please Forgive and have Mercy on My Handwriting and Possible Mistakes, a flex Pen is all I am given to write. Please understand that this was 220 days of deprivation, I did My best to keep Short and yet still write important facts. Thank You.
     Signed By     Davey Justin

IV.    **RELIEF**

*State exactly what you want the Court to do for you. For example, you may be seeking money damages from an individual defendant, you may want the Court to order a defendant to do something or to stop doing something, or you may want both kinds of relief. Make no legal arguments. Cite no cases or statutes.*

Pierce County and Said Defendant's have failed to Plan ahead, which has increased every year, and has failed to Show leadership and Capacity for innovation that is required to address the Squalid Conditions at the Pierce County Jail. See Attached

V.    **SIGNATURE**

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true to the best of your knowledge, that you believe those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.*

_____                    _____
Dated                                                    Plaintiff's Signature

FOR LEGAL USE ONLY

## Relief

Plaintiff Seeks a declaration that the acts and omissions described herein Violate My Rights under the Constitution and Laws of the United States.

Plaintiff ask the Court to Grant Compensatory Damages in the amount of $2,000.00 Per day that they held Plaintiff in 3 North A against each defendant, Jointly and Severally.

Plaintiff Seeks Punitive Damages in the amount of $2,000.00 Per day that defendant's have held Plaintiff in 3 North A unit against all defendants, Jointly and Severally. (Pierce County is immune to these damages).

Plaintiff ask the Court to Start a Full investigation into 3 North A Sewer and Pipelines from an out of County Source, an out of County Health organization and an out of County Psychologist to Provide Full evaluations into My Mental Health.

Plaintiff Seeks a Jury Trial on all issues triable by Jury. Plaintiff also seeks recovery of the Cost in this Suit, any additional relief this Court deems Just, Proper, and equitable.