UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN ALLEN DAVEY,<br><br>                Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY COUNCIL, et al.,<br><br>                Defendant. | Case No. C21-05068-JCC-SKV<br><br>ORDER DIRECTING ADDITIONAL BRIEFING ON DEFENDANTS' MOTIONS TO DISMISS |

       This is a 42 U.S.C. § 1983 prisoner civil rights action. In his amended complaint, Plaintiff alleges the plumbing and sewer conditions in his unit (Mental Health Unit 3 North A) at Pierce County Jail caused sewage backups in the toilets in his cells and ongoing serious sanitation issues. Plaintiff contends the conditions of confinement at the Jail violated his Fourteenth Amendment due process rights.  Plaintiff indicates he was a pretrial detainee at the time of the events giving rise to his claims.  Defendants have filed two motions to dismiss under Fed. R. Civ. P. 12(b)(6) arguing Plaintiff has failed to state a claim.  Dkts. 33, 36.  The motions to dismiss appear to the Court to be identical.  *Id.*

       As a pretrial detainee, Plaintiff has the right to be free from punishment under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 533 (1979).  In assessing conditions of

confinement for pretrial detainees, the Court considers whether the conditions amount to punishment, causing harm or disability significantly exceeding or independent of the inherent discomforts of confinement, or whether they merely result from some legitimate governmental purpose. *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017). The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015), and *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017)).[1]

A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley*, 576 U.S. at 398. The elements of a pretrial detainee's claim against an individual defendant under the objective deliberate indifference standard are as follows:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

---

[1] Previously, "all conditions of confinement claims, including claims for inadequate medical care, were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment." *Gordon*, 888 F.3d at 1122-23 (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010)). Although the Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims beyond a denial of medical care, failure-to-protect, and excessive force claims, the decision in *Gordon* strongly suggests it will do so. *See Gordon*, 888 F.3d at 1120, 1124, and 1124 n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)).

*Id.* at 1125.  "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  *Id.* (quoting *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (quoted sources omitted)).  The Ninth Circuit has explained that the objective deliberate indifference standard,

> differs from the inquiry under the Eighth Amendment which requires that the "prison official must *subjectively* have a sufficiently culpable state of mind." *Id*. at 1070–71 (quoting *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2002) (emphasis in original) ). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Estate of Ford*, 301 F.3d at 1050 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ). By contrast "a pretrial detainee need not prove those subjective elements about the officer's actual awareness of the level of risk." *Castro*, 833 F.3d at 1071.

*Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125, n. 4 (9th Cir. 2018).

In their motions to dismiss, Defendants initially acknowledge that the Ninth Circuit has strongly suggested that the objective deliberate indifference standard should be applied to pretrial detainee conditions of confinement cases.  *See* Dkt. 36, at 4.  However, Defendants motions subsequently set forth the subjective deliberate indifference standard and appear to analyze Plaintiff's claims under that standard.  *See* Dkts. 33, 36, at 6.  Given this disparity, the Court directs Defendants to submit additional briefing on its motions to dismiss specifically addressing Plaintiff's claims under the objective deliberate indifference standard.  The Court also directs Defendants to address why they have filed two seemingly identical motions to dismiss and whether it is appropriate for one of the motions to be withdrawn or stricken. Dkts. 33, 36.

Accordingly, it is hereby ORDERED:

1) On or before **November 17, 2021**, Defendants shall clarify to the Court whether their motions to dismiss, Dkts. 33, 36, are in fact identical and whether it is appropriate

for Defendants to withdraw one of the motions or for the Court to strike one of the motions as duplicative.

2) On or before **November 17, 2021**, Defendants are directed to submit additional briefing on their motion(s) to dismiss, addressing Plaintiff's claims under the objective deliberate indifference standard described above.

3) On or before **November 29, 2021**, Plaintiff may file a response to Defendants' additional briefing.

4) On or before **December 3, 2021**, Defendants may file a reply.

5) The Clerk is directed to re-note Defendants' motions to dismiss, Dkts. 33, 36, to **December 3, 2021**.

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 28th day of October, 2021.

S. KATE VAUGHAN
United States Magistrate Judge