UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN ALLEN DAVEY,

              Plaintiff,

    v.

PIERCE COUNTY COUNCIL, et al.,

              Defendant.

Case No. C21-05068-JCC-SKV

ORDER RECONSIDERING REQUEST FOR APPOINTMENT OF COUNSEL AND DIRECTING PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff previously moved for appointment of counsel. Dkt. 24. The Court previously denied that motion without prejudice. Dkt. 31. For the reasons below, the Court hereby *sua sponte* reconsiders Plaintiff's request for appointment of counsel and concludes that extraordinary circumstances now support the appointment of counsel in this case. Plaintiff's request for appointment of counsel, Dkt. 24, is granted as provided below.

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the

plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff previously moved for appointment of counsel shortly after commencing this action. Dkt. 24. The Court denied the motion at that time finding that, because Plaintiff's amended complaint had just been served and Defendants had not yet filed an answer, it was too early in the case to assess Plaintiff's likelihood of success on the merits. Dkt. 31. The Court also found that, at that early stage, the Court could not conclude that Plaintiff's claims, that Defendants failed to properly address allegedly unsanitary conditions due to sewage backups in Plaintiff's unit at Pierce County Jail, were particularly complex. *Id.* The Court further found that, at that early stage of the case, Plaintiff had demonstrated an adequate ability to articulate his claims *pro se*. *Id.*

Since the order denying Plaintiff's request for counsel, the litigation has advanced, and circumstances have changed. While the Court cannot, at this time, definitely determine Plaintiff's ultimate likelihood of success on the merits, the vast majority of his claims have now survived a motion to dismiss. *See* Dkt. 71. Furthermore, completing discovery and litigating the merits of Plaintiff's conditions of confinement claims is likely to significantly increase the complexity of the litigation process, may require the ability to investigate the status of the plumbing and sewage system at Pierce County Jail, and potentially the ability to consult an expert or develop expert evidence. Accordingly, the Court finds that Plaintiff has at this time demonstrated a sufficient potential for success on the merits and that, in light of the increasing

ORDER RECONSIDERING REQUEST FOR
APPOINTMENT OF COUNSEL AND DIRECTING
PRO BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 2

complexity of the litigation process at this stage, Plaintiff will face increasing challenges litigating and articulating his claims *pro se*.

The Court notes that Plaintiff has also asserted he faces additional difficulty litigating his case *pro se* due to his mental illness. Dkt. 24. While not dispositive on its own as there is limited information before the Court regarding the nature and impact of Plaintiff's mental illness, considering all of the other factors discussed above, the Court finds that the fact that Plaintiff asserts he has a mental illness that may have the potential to affect his ability to litigate his case, also weighs in favor of appointing counsel. Accordingly, the Court concludes that this case presents extraordinary circumstances that support the appointment of counsel pursuant to 28 U.S.C. § 1915.

## CONCLUSION AND DIRECTIONS TO CLERK

Upon reconsideration, Plaintiff's request for appointment of counsel, Dkt. 24, is granted, contingent on the identification of counsel willing to represent Plaintiff in this matter. The Western District of Washington's pro bono coordinator is directed to identify counsel to represent Plaintiff, in accordance with the Court's General Order 16-20 ("In re: Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions"), section 4. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue appropriate orders.

The Clerk shall send a copy of this order to Plaintiff, counsel for Defendants, the pro bono coordinator, and the Honorable Lauren King.

Dated this 8th day of August, 2022.

S. KATE VAUGHAN
United States Magistrate Judge