UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN ALLEN DAVEY,

          Plaintiff,

v.

PIERCE COUNTY COUNCIL, et al.,

          Defendant.

Case No. C21-05068-LK-SKV

ORDER DENYING MOTION FOR RECONSIDERATION AND DIRECTING CLERK TO SEND COPIES OF DOCUMENTS

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff has filed a "motion for reconsideration." Dkt. 79. In his motion, Plaintiff asks the Court to "unstrike" various documents on the grounds that he does not understand why these documents were stricken from the docket, and he no longer has copies of the documents and wishes to submit them as evidence in the case. *Id.* Plaintiff identifies the following documents in his motion: Dkts. 1-2 (exhibit including copies of grievances), 1-4 (Declaration of Skylar Yeaman), 1-5 (Declaration of Elijah King), 1-6 (Declaration of Jonas LJ Canley), 1-7 (Declaration of Matthew Field), 5-1 (Declaration of Eric Lee Sicard), 5-3 (Declaration of Steve Rodriguez), 5-5 (Declaration of Matthew Webb), Dkt. 7-2 (exhibit including copies of grievances), 7-3 (Declaration of Ezra Fleming Ralston), 7-4 ((Declaration of Skylar Yeaman), 7-5 (Declaration of Elijah King), 7-6

(Declaration of Jonas LJ Canley), 7-7 (Declaration of Matthew Field), 10 (Declaration of Erkyhun Tefery), and 11 (Declaration of Richard Lovejoy).

First, the Court notes that several of the documents Plaintiff identifies were not, in fact, stricken from the docket in this case. The only documents Plaintiff identifies that were stricken from the docket by the Court in this case are: Dkts. 7-2 (exhibit including copies of grievances), 7-3 (Declaration of Ezra Fleming Ralston), 7-4 ((Declaration of Skylar Yeaman), 7-5 (Declaration of Elijah King), 7-6 (Declaration of Jonas LJ Canley), 7-7 (Declaration of Matthew Field), 10 (Declaration of Erkyhun Tefery), and 11 (Declaration of Richard Lovejoy). These documents were stricken from the docket pursuant to two orders dated March 4, 2021, and April 28, 2021. Dkts. 12 & 27. The Court's March 4, 2021, order directed then-named Plaintiffs (Mr. Davey and Ezra Fleming-Ralston) to show cause why their claims should not be severed and why the then second-named Plaintiff in the case (Mr. Fleming-Ralston) should not be dismissed without prejudice. Dkt. 12. The order also struck filings which appeared to have been made by three individuals who were not parties to the case: Roger Woodard (Dkt. 9), Erkyhun Tefery (Dkt. 10), and Richard Lovejoy (Dkt. 11). *Id.* In their response to the Court's order to show cause, Plaintiffs (Mr. Davey and Mr. Fleming-Ralston) acknowledged that it was appropriate for each of them proceed in separate actions. Dkts. 17 & 18. Accordingly, by order dated April 28, 2021, the Court dismissed the second-named Plaintiff, Mr. Fleming-Ralston, from the action without prejudice to his institution of a new, separate lawsuit, and, due to his dismissal from the action, struck his IFP application, Dkt. 7, which included various attached declarations, Dkts. 7-3 to 7-7. Dkt. 27.

Pursuant to Local Civil Rule 7(h), motions for reconsideration must be filed within fourteen days of the order being challenged. Furthermore, motions for reconsideration are

ORDER DENYING MOTION FOR
RECONSIDERATION AND DIRECTING CLERK
TO SEND COPIES OF DOCUMENTS - 2

disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence.

Here, Plaintiff's motion for reconsideration is filed approximately a year and a half after the challenged orders were filed. Accordingly, Plaintiff's motion for reconsideration, Dkt. 79, is DENIED as untimely.[1]

However, the Court notes that the reason Plaintiff indicates he is bringing the motion for reconsideration is that he no longer has copies of some of the documents which were stricken from the docket. Accordingly, in the interests of justice and judicial efficiency, <u>the Clerk is directed to provide Plaintiff with copies of the following documents: Dkts. 1-2 (exhibit including copies of grievances), 1-3 (Declaration of Ezra Fleming-Ralston), 1-4 (Declaration of Skylar Yeaman), 1-5 (Declaration of Elijah King), 1-6 (Declaration of Jonas LJ Canley), 1-7 (Declaration of Matthew Field), 5-1 (Declaration of Eric Lee Sicard), 5-3 (Declaration of Steve Rodriguez), 5-5 (Declaration of Matthew Webb), 10 (Declaration of Erkyhun Tefery), and 11 (Declaration of Richard Lovejoy).</u>[2]

Plaintiff also indicates in his motion that he wishes to submit at least some of these documents in support of his second amended complaint. Plaintiff is advised that he is free to move to further amend or supplement his second amended complaint to include additional documents if he deems appropriate, but that he must move separately to do so. The Court also

---

[1] The Court also notes that Plaintiff's only argument in support of reconsideration appears to be that he does not understand why the documents he identifies were stricken, and that he no longer has copies of these documents. Thus, even if considered on the merits, these arguments would fail to show a manifest error in the Court's prior ruling or new facts or legal authority which could not have been presented earlier.

[2] The Court notes that Plaintiff also references the declarations submitted in support of former Plaintiff Ezra Fleming-Ralston's IFP application, Dkt. 7. However, upon review, these declarations are identical to those submitted in support of Plaintiff's own IFP application, Dkt. 1, which the Court has already directed the Clerk to provide to Plaintiff.

ORDER DENYING MOTION FOR
RECONSIDERATION AND DIRECTING CLERK
TO SEND COPIES OF DOCUMENTS - 3

1 notes that at this time there are currently no motions for summary judgment pending wherein a
2 Court would typically consider evidence such as declarations in evaluating the merits of the case.
3    Finally, <u>Plaintiff is advised that if he seeks additional copies of court filings in the future,
4 he may be required to pay a fee of $ 0.50 per page.</u>
5    The Clerk is directed to send copies of this order to the parties and to the Honorable
6 Lauren King.
7    Dated this 12th day of October, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge