UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN ALLEN DAVEY,<br><br>               Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY COUNCIL et al.,<br><br>               Defendants. | CASE NO. 3:21-cv-05068-LK-SKV<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFING |

Pursuant to Federal Rule of Civil Procedure 68(a), Defendant Pierce County extended an offer of judgment to Plaintiff Justin Allen Davey (also known as Echota Wolfclan) as to all Defendants in this action for his claims arising under 42 U.S.C. § 1983. Dkt. No. 97-1 at 3–4; *see* Dkt. No. 81 at 6–9. The offer is for $33,000.00, "**exclusive** of all costs and fees, including attorney's fees, accrued in this case by Plaintiff to the date and time of this Offer." Dkt. No. 97-1 at 3 (emphasis in original). Plaintiff timely accepted the offer. *Id.* at 2; *see also* Dkt. No. 96.

Under Rule 68(a), "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the opposing party serves written notice accepting the

ORDER REQUIRING SUPPLEMENTAL BRIEFING - 1

offer within 14 days, either party can file the offer and notice of acceptance and proof of service, and the then court must enter judgment. *Id.* The district court's role in this context is "ministerial rather than discretionary," assuming there is a valid offer and acceptance. *Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1187–88 (9th Cir. 2022) (internal quotations omitted) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991)). However, an offer is not valid when it "implicitly or explicitly provide[s] that the judgment *not* include costs[.]" *Marek v. Chesny*, 473 U.S. 1, 6 (1985) (emphasis in original); *see also Thompson v. S. Farm Bureau Cas. Ins. Co.*, 520 F.3d 902, 904 (8th Cir. 2008) (per curiam) ("Although a Rule 68 offer of judgment may offer a lump-sum payment that includes costs, such an offer may not exclude costs.").[1] This is because such an offer does not enable a court to render judgment:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion . . . [is] sufficient to cover the costs.

*Marek*, 473 U.S. at 6.

Here, Defendants' Rule 68 offer explicitly provides that the $33,000 judgment does not include costs. Dkt. No. 97-1 at 3. Such offers have been held invalid. *See, e.g.*, *Daramy v. Arctic Storm Mgmt. Grp. LLC*, No. 21-1431-MJP, 2022 WL 741876, at *3–4 (W.D. Wash. Mar. 11, 2022) (striking praecipe to enter judgment where offer for a specific sum was "exclusive of attorney fees to the date of the offer" and accordingly failed to meet the requirements of Rule 68; noting that "[i]f the offer had included costs—or even been silent about costs, *see Marek*, 473 U.S. at 6—it would have been valid."). Although at least one court in this district has construed an offer like

---

[1] The term "costs" in Rule 68 refers to "all costs properly awardable under the relevant substantive statute," *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir. 1996), which here includes attorney's fees, 42 U.S.C. § 1988(b).

ORDER REQUIRING SUPPLEMENTAL BRIEFING - 2

Pierce County's to allow for an award of costs and fees to the plaintiff,[2] this Court considers Pierce County's offer invalid to the extent it purports to exclude costs from the judgment. If the parties instead intended that the Court award costs in its discretion, the offer should have either said so or been silent regarding costs. *See, e.g.*, *Miller v. City of Portland*, 868 F.3d 846, 849, 851 (9th Cir. 2017) (Rule 68 offer for $1,000 "plus costs (excluding any prevailing fee), and including reasonable attorney's fees to be determined by the Court" was valid). In the Court's view, it is better to be specific than silent. *See, e.g.*, *McGraw-Hill Glob. Educ., LLC. v. Jones*, 714 F. App'x 500, 503 (6th Cir. 2017) ("We construe ambiguity in a Rule 68 offer against the drafter."); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 832–33 (9th Cir. 1997) (offer of "$15,000, together with costs accrued," did not foreclose plaintiffs from seeking attorney fees "because it d[id] not clearly and unambiguously waive or limit them").

Accordingly, no later than seven days from the date of this Order, the parties shall file supplemental briefs of no more than six pages each (although they may also file a joint brief of no more than six pages) addressing whether the parties intended that the Court award costs (including fees) in its discretion, and if not, showing cause why the Court should not strike docket numbers 96 and 97 due to an invalid Rule 68 offer. Of course, the parties are also free to mutually agree to revoke and redo the offer and acceptance. If they do so within seven days, supplemental briefing will not be necessary.

Dated this 6th day of March, 2023.

Lauren King
United States District Judge

---

[2] *See Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, No. C09-1042-RSL, 2013 WL 4094697, at *1 (W.D. Wash. Aug. 12, 2013) (determining that defendant's Rule 68 offer to allow the entry of judgment "in the total sum of Thirty Thousand Dollars and 00/100 Cents ($30,000.00), exclusive of costs and reasonable attorney's fees, as full and final settlement of all claims asserted in this action," entitled the plaintiff to an award of costs, including attorney's fees).

ORDER REQUIRING SUPPLEMENTAL BRIEFING - 3