UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN ALLEN DAVEY,

                    Plaintiff,

     v.

PIERCE COUNTY COUNCIL et al.,

                    Defendants.

CASE NO. 3:21-cv-05068-LK-SKV

ORDER

Before the Court is the Declaration of Frank A. Cornelius, submitting a May 15, 2023 email from counsel for Plaintiff Justin Allen Davey (also known as Echota Wolfclan), offering "additional confirmation that Plaintiff has timely accepted Defendants' March 9, 2023 Amended Offer of Judgment[.]" Dkt. No. 102 at 4; *see* Dkt. No. 100 (Defendants' Amended Offer of Judgment). Plaintiff's counsel further states that "[i]t was Plaintiff's intention that the March 7, 2023 Joint Statement . . . serve as notice and confirmation that Plaintiff had accepted Defendants' offer to settle for $33,000 plus $12,000 in fees and costs, which was then reflected in the Amended Offer of Judgment filed on March 9, 2023[.]" Dkt. No. 102 at 4; *see* Dkt. No. 99 (parties' Joint Statement dated March 7, 2023).

Federal Rule of Civil Procedure 68(a) provides that if a party serves written notice accepting an offer of judgment within 14 days after being served, "either party may then file the offer and notice of acceptance, plus proof of service." If this process is followed, the Clerk "must then enter judgment." Fed. R. Civ. P. 68(a).

Here, the parties have followed a convoluted process. On March 1, 2023, Defendants filed a "Notice of Acceptance" of their offer of judgment. *See* Dkt. Nos. 96, 97-1. However, because the offer appeared to exclude costs from the judgment, the Court considered it invalid. Dkt. No. 98. The Court accordingly ordered that the parties either submit supplemental briefs clarifying whether they intended that the Court award costs or else "revoke and redo the offer and acceptance." Dkt. No. 98 at 3. The next day, the parties submitted a joint statement indicating that they had agreed to settle the matter for "$33,000 plus $12,000.00 for costs and attorneys' fees" on March 3, 2023, and that they would "file an updated Offer of Judgment" reflecting those amounts. Dkt. No. 99 at 1. On March 9, Defendants filed an Amended Offer of Judgment that specified that the offer was for $33,000 plus "an additional Twelve Thousand Dollars ($12,000.00) in costs and fees[.]" Dkt. No. 100 at 1. No acceptance followed.

On May 11, 2023, after Counsel for Defendants left a voicemail with the Courtroom Deputy inquiring about the status of Docket Number 100, the Court issued an Order reminding the parties that Federal Rule of Civil Procedure 68(a) requires the clerk to enter judgment only "[i]f, within 14 days *after* being served, the opposing party serves written notice accepting the offer," and that "the parties ha[d] submitted no evidence that Plaintiff accepted the amended offer in accordance with Rule 68(a)." Dkt. No. 101 (emphasis added). On May 26, Defendants filed a May 15, 2023 email from Plaintiff's counsel to Defendants stating that Plaintiff intended to accept Defendants' March 9, 2023 amended offer (Dkt. No. 100) via the March 7, 2023 joint statement (Dkt. No. 99). Dkt. No. 102 at 4.

1

2

3

4

5

6

7

8

9

   This muddy record is less than ideal. The March 7 joint statement, which indicated that the parties "w[ould] file an updated Offer of Judgment," Dkt. No. 99 at 1, cannot count as an acceptance of the forthcoming March 9, 2023 offer under Rule 68(a). However, the record reflects that Defendants sent Plaintiff a written offer encompassing the two sums on March 3, 2023, and that Plaintiff subsequently accepted that offer in writing by March 7, 2023 at the latest. Dkt. No. 99 at 1 (March 7, 2023 joint statement that "the parties agreed to a settlement of all costs, including attorneys' fees, in the amount of $12,000.00" in addition to the $33,000 reflected in Docket Number 97-1). The Court construes the parties' filings together to constitute sufficient evidence of an offer of judgment, subsequent written acceptance within 14 days, and proof of service.

10

11

   Accordingly, the Court DIRECTS the Clerk to enter judgment in Plaintiff's favor in the amount of $33,000 plus an additional $12,000 in fees and costs. *See* Dkt. Nos. 100; 102.

12

13

   Dated this 30th day of May, 2023.

14

15

             Lauren King
             United States District Judge

16

17

18

19

20

21

22

23

24

ORDER - 3